John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Christopher A. Hohn, Bar No. 271759
chohn@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiff
ZÜCA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZÜCA, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DBEST PRODUCTS, INC., a California Corporation;<br><br>Defendant. | CASE NO. 15-3559<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ZÜCA, Inc. hereby files this Complaint for Patent Infringement against Defendant Dbest Products, Inc. alleging as follows:

## THE PARTIES

1. Plaintiff ZÜCA, INC. ("Plaintiff" or "ZÜCA") is a corporation organized and existing under the laws of the State of California with its principle place of business in Milpitas, California.  ZÜCA was founded in 2004 and is a leading developer and seller of durable, versatile wheeled carry-alls with a patented exoskeleton design and an integrated seat.  ZÜCA's product line includes pet carriers, school roller bags and carry-all roller bags for professional make-up

artists, sports enthusiasts and business travelers. ZÜCA offers hundreds of style and color combinations in its carry-all roller bags, which can be purchased online at www.zuca.com and at mainstream and specialty shops in over twenty-five countries around the world.

2. ZÜCA is informed and believes, and on that basis alleges that Defendant Dbest Products, Inc. ("Dbest") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Carson, California. ZÜCA is further informed and believes, and on that basis alleges that Dbest maintains offices in Hermosa Beach, California. Dbest may be served with process through its registered agent Richard Elden, 3716 The Strand, Unit B, Manhattan Beach, California 90266. ZÜCA is informed and believes, and on that basis alleges that Dbest is a company that specializes in storage products and is purportedly a market leader in collapsible carts, suitcases and wheeled storage units.

3. ZÜCA is informed and believes, and on that basis alleges that Dbest offers to sell and sells collapsible carts, suitcases and wheeled storage units directly through the websites www.dbest-products.com and www.dbestproducts.net. ZÜCA is further informed and believes, and on that basis alleges that Dbest uses, owns and/or controls the websites www.dbest-products.com and www.dbestproducts.net. Attached hereto as Exhibits A through C are true and correct copies of print-outs of examples of infringing products offered for sale on www.dbest-products.com.

4. ZÜCA is informed and believes, and on that basis alleges that Dbest and third parties offer to sell and sell collapsible carts, suitcases and wheeled storage units through e-retailers such as www.amazon.com. Attached hereto as Exhibits D through F are true and correct copies of print-outs of examples of infringing products offered for sale on www.amazon.com.

**JURISDICTION**

5. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

6. This Court has personal jurisdiction over Dbest because Dbest is a California Corporation with its principal place of business in the State of California. Dbest has also committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and

1  places infringing products into the stream of commerce, with the knowledge or understanding that
2  such products are sold in the State of California, including in this District.  The acts by Dbest
3  cause injury to ZÜCA within California and this District.  ZÜCA is informed and believes, and
4  on that basis alleges that Dbest derives substantial revenue from the sale of infringing products
5  within California and this District, expect their actions to have consequences within California
6  and this District, and derive substantial revenue from interstate and international commerce.  For
7  all of these reasons, personal jurisdiction exists.

**VENUE AND INTRADISTRICT ASSIGNMENT**

8.     7.     Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because Dbest transacts business within this District and offers for sale in this District products that infringe the Patents-in-Suit.  In addition, venue is proper because ZÜCA's principal place of business is in this District and ZÜCA suffered harm in this District.  Moreover, a substantial part of the events giving rise to the claims occurred in this District.  Pursuant to Civ. L. R. 3-2(c), intellectual property actions are assigned on a district-wide basis.   Accordingly, based on information and belief, Dbest has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one.

**THE PATENTS-IN-SUIT**

8.     On November 27, 2012, United States Patent No. 8,317,205 ("the '205 patent"), entitled "Mobile Storage Unit" was duly and legally issued by the United States Patent Office. ZÜCA owns all rights, title, and interest, as well as has the exclusive right to enforce the '205 patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.  A true and correct copy of the '205 patent is attached hereto as Exhibit G and is incorporated herein by reference.

9.     On November 18, 2014, United States Patent No. 8,888,111 ("the '111 patent"), entitled "Mobile Storage Unit" was duly and legally issued by the United States Patent Office.  A true and correct copy of the '111 patent is attached hereto as Exhibit F and is incorporated herein by reference. ZÜCA owns all rights, title, and interest, as well as has the exclusive right to enforce the '111 patent against infringers, and collect damages for all relevant times, including

1  the right to prosecute this action. A true and correct copy of the '111 patent is attached hereto as
2  Exhibit H and is incorporated herein by reference.

3      10.    The '205 patent and the '111 patent are sometimes referred to herein collectively
4  as "the Patents-in-Suit." Generally speaking, the Patents-in-Suit relate to soft-sided wheeled
5  storage units, which incorporate a seat portion that allows a user to utilize the storage unit as a
6  seat in situations where one is needed. The wheeled storage units are designed, in part, to
7  eliminate the potential for back problems that are associated with the use of the traditional
8  backpack.

9  **FIRST CLAIM FOR RELIEF**
10  **(Infringement of U.S. Patent No. 8,317,205)**

11      11.    The allegations of paragraphs 1 through 10 are incorporated by reference herein
12  and realleged.

13      12.    Dbest has infringed and continues to directly infringe at least claim 1 of the '205
14  patent by making, supplying, distributing, selling and/or offering to sell in the United States
15  and/or importing into the United States, one or more of its Sit-On-It Carry All products. *See, e.g.,*
16  Exhibits A-F. Dbest's infringing activities violate 35 U.S.C. § 271.

17      13.    ZÜCA is informed and believes, and on that basis alleges that Dbest's
18  infringement of the '205 patent has been and continues to be intentional, willful, and without
19  regard to ZÜCA's rights. ZÜCA is informed and believes, and on that basis alleges that Dbest
20  has actual knowledge of the '205 patent through direct or indirect communications with ZÜCA
21  and/or as a result of its participation in the housewares and luggage industry. Dbest also has
22  actual knowledge of the '205 patent through the filing of this Complaint.

23      14.    ZÜCA is informed and believes, and on that basis alleges that Dbest has
24  wrongfully gained profits by virtue of its infringement of the '205 patent.

25      15.    ZÜCA has sustained damages as a direct and proximate result of Dbest's
26  infringement of the '205 patent. Dbest is, thus, liable to ZÜCA in an amount that adequately
27  compensates ZÜCA for Dbest's infringement, which, by law, cannot be less than a reasonable
28  royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

COMPLAINT FOR PATENT INFRINGMENT; DEMAND FOR JURY TRIAL

16. ZÜCA will suffer and is suffering irreparable harm from Dbest's infringement of the '205 patent. ZÜCA has no adequate remedy at law and is entitled to an injunction against Dbest's continuing infringement of the '205 patent. Unless enjoined, Dbest will continue its infringing conduct.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 8,888,111)**

17. The allegations of paragraphs 1 through 10 are incorporated by reference herein and realleged.

18. Dbest has infringed and continues to directly infringe at least claim 16 of the '111 patent by making, supplying, distributing, selling and/or offering to sell in the United States and/or importing into the United States, one or more of its Sit-On-It Carry All products. *See, e.g.,* Exhibits A-F. Dbest's infringing activities violate 35 U.S.C. § 271.

19. ZÜCA is informed and believes, and on that basis alleges that Dbest's infringement of the '111 patent has been and continues to be intentional, willful, and without regard to ZÜCA's rights. ZÜCA is informed and believes, and on that basis alleges that Dbest has actual knowledge of the '111 patent through direct or indirect communications with ZÜCA and/or as a result of its participation in the housewares and luggage industry. Dbest also has actual knowledge of the '111 patent through the filing of this Complaint.

20. ZÜCA is informed and believes, and on that basis alleges that Dbest has wrongfully gained profits by virtue of its infringement of the '111 patent.

21. ZÜCA has sustained damages as a direct and proximate result of Dbest's infringement of the '111 patent. Dbest is, thus, liable to ZÜCA in an amount that adequately compensates ZÜCA for Dbest's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. ZÜCA will suffer and is suffering irreparable harm from Dbest's infringement of the '111 patent. ZÜCA has no adequate remedy at law and is entitled to an injunction against Dbest's continuing infringement of the '111 patent. Unless enjoined, Dbest will continue its infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, ZÜCA prays for relief, as follows:

1. A judgment that each of the Patents-in-Suit are valid and enforceable;

2. A judgment that Dbest has infringed one of more claims of each of the Patents-in-Suit;

3. An order and judgment preliminarily and permanently enjoining Dbest and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the Patents-in-Suit;

4. A judgment awarding ZÜCA all damages adequate to compensate for Dbest's infringement of the Patents-in-Suit, and in no event less than a reasonable royalty for Dbest's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5. A judgment awarding ZÜCA all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6. Actual damages suffered by ZÜCA as a result of Dbest's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

7. A judgment that this is an exceptional case and an award to ZÜCA of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

8. Such other relief as this Court deems just and proper.

///
///
///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, ZÜCA hereby demands trial by jury on all issues raised by the Complaint.

Dated: August 3, 2015

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Christopher A. Hohn
Attorneys for Plaintiff
ZÜCA, INC.

842\1240740.2