Daniel M. Cislo, No. 125,378
  *dan@cislo.com*
Peter S. Veregge, No. 155,769
  *pveregge@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
Telephone:  (310) 451-0647
Telefax:  (310) 394-4477

Attorneys for Defendant
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZÜCA, INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>DBEST PRODUCTS, INC., a California<br>corporation,<br><br>           Defendant. | CASE NO. 3:15-cv-03559-WHA<br><br>[Hon. William H. Alsup]<br><br>**DBEST PRODUCTS, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date: Not Yet Scheduled |

## ANSWER TO COMPLAINT

Defendant dbest Products, Inc. ("dbest") by and through its counsel, hereby answers for itself alone, the Complaint of ZÜCA, Inc., dated August 3, 2015, as follows, with each of the following paragraphs corresponding to the paragraph numbers in the Complaint.  The headings correspond to those of the Complaint, and are not an admission of any kind.  To the extent that any part of the Complaint is not addressed below, dbest denies all allegations therein.

## THE PARTIES

1.      dbest is without sufficient information to admit or deny the allegations of paragraph 1. On that basis, dbest denies each allegation contained in that paragraph.

2.      dbest admits the allegations of paragraph 2, except for the discussion of "suitcases," which it denies.

3.      dbest admits that it offers to sell and sells collapsible carts and wheeled storage units directly through the websites www.dbest-products.com and www.dbestproducts.net. dbest further admits it uses, owns and/or controls the websites www.dbest-products.com and www.dbestproducts.net. dbest admits that the Complaint's Exhibits A through C depict examples of products offered for sale on www.dbest-products.com.  Except as expressly admitted, dbest otherwise denies all other allegations of paragraph 3 of the Complaint.

4.      dbest is without sufficient information to admit or deny the allegations of paragraph 4. On that basis, dbest denies each allegation contained in that paragraph.

## JURISDICTION

5.      dbest admits this is an action for infringement of United States patents and that this Court has jurisdiction over such action under Title 28 U.S.C. § 1338(a), but denies that any infringement has occurred.

6.      dbest admits that this Court has personal jurisdiction over dbest because dbest is a California Corporation with its principal place of business in the State of California.  Except as expressly admitted, dbest otherwise denies all other allegations of paragraph 6 of the Complaint.

Answer to Complaint
Case No. 3:15-cv-03559-WHA

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

## **VENUE AND INTRADISTRICT ASSIGNMENT**

7.      dbest denies that venue is proper in this district.  dbest has no offices in this district. dbest's principal place of business is not located within this district.  dbest denies the allegations of paragraph 7.

## **THE PATENTS-IN-SUIT**

8.      dbest is without sufficient information to admit or deny the allegations of paragraph 8. On that basis, dbest denies each allegation contained in that paragraph.

9.      dbest is without sufficient information to admit or deny the allegations of paragraph 9. On that basis, dbest denies each allegation contained in that paragraph.

10.      dbest is without sufficient information to admit or deny the allegations of paragraph 10. On that basis, dbest denies each allegation contained in that paragraph.

## **FIRST CLAIM FOR RELIEF**

### **(Infringement of U.S. Patent No. 8,317,205)**

11.      In answer to paragraph 11 of the Complaint, dbest incorporates by reference its answer to paragraphs 1 through 10 as if set forth in full herein.

12.      dbest denies the allegations of paragraph 12.

13.      dbest denies the allegations of paragraph 13.

14.      dbest denies the allegations of paragraph 14.

15.      dbest denies the allegations of paragraph 15.

16.      dbest denies the allegations of paragraph 16.

## **SECOND CLAIM FOR RELIEF**

### **(Infringement of U.S. Patent No. 8,888,111)**

17.      In answer to paragraph 17 of the Complaint, dbest incorporates by reference its answer to paragraphs 1 through 16 as if set forth in full herein.

18.      dbest denies the allegations of paragraph 18.

19.      dbest denies the allegations of paragraph 19.

20.      dbest denies the allegations of paragraph 20.

21.      dbest denies the allegations of paragraph 21.

1      22.    dbest denies the allegations of paragraph 22.

2  **PRAYER FOR RELIEF**

3      23.    dbest denies the factual allegations of the prayer for relief.  dbest further denies

4  that ZÜCA is entitled to any relief.  dbest prays that ZÜCA be denied all relief, take nothing by

5  way of its complaint, and have attorney fees awarded to dbest and against ZÜCA.

6

7  **AFFIRMATIVE DEFENSES**

8      24.    As separate and distinct defenses to each of the claims set forth in ZÜCA's

9  Complaint, dbest sets forth the following and asserts that each are at issue or will be at issue

10  after an opportunity to conduct discovery:

11  **First Affirmative Defense**

12  **(Prior Patent or Publication – 35 U.S.C. § 102(a))**

13      25.    Certain of the claims of the patents-in-suit are unpatentable because "the

14  invention was ... patented or described in a printed publication in this or a foreign country,

15  before the invention thereof by the applicant for patent."

16  **Second Affirmative Defense**

17  **(Obviousness – 35 U.S.C. § 103)**

18      26.    One or more of the claims of the '205 and '111 Patents are invalid as obvious

19  under 35 U.S.C. § 103(a). More specifically, the differences between the subject matter

20  claimed by one or more of the claims and the prior art are such that the subject matter as a

21  whole would have been obvious at the time the invention was made to a person of ordinary skill

22  in the art.

23  **Third Affirmative Defense**

24  **(Indefiniteness/Written Description – 35 U.S.C. § 112)**

25      27.    One or more of the claims of the '205 and '111 Patents are invalid because they

26  are indefinite or lack support of the written description.

27  **Fourth Affirmative Defense**

28  **(Lack of Causation)**

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

28.     To the extent any infringements occurred, which dbest denies, ZÜCA is not entitled to recover any damages due to lack of causation.

## Fifth Affirmative Defense

### (Failure to Mitigate Damages)

29.     ZÜCA is not entitled to recover damages in any amount because it has failed to mitigate its damages.

## Sixth Affirmative Defense

### (Speculative Damages)

30.     ZÜCA's claims are barred because any damages possibly available in connection therewith are speculative and uncertain.

## Seventh Affirmative Defense

### (Prosecution History Estoppel/Claim Scope Disavowal)

31.     Based on the numerous amendments to the claims, and arguments for patentability made to the United States Patent and Trademark Office in connection with the prosecution of the application for the '205 and '111 Patents, ZÜCA may be barred from asserting infringement under the doctrine of equivalents for one or more claims of the '205 and '111 Patents, or one or more limitations of one or more claims of the '205 and '111 Patents. In addition, amendments and arguments submitted to the United States Patent and Trademark Office in connection with the '205 and '111 Patents may serve to limit the scope of one or more terms or phrases in the claims of the '205 and '111 Patents.

## Eighth Affirmative Defense

### (Improper Venue)

32.     Venue is improper in this District because, as ZÜCA alleges in paragraph 2 of the Complaint, dbest has its principal place of business in Carson, California, about 400 miles from this courthouse, in the Central District.  ZÜCA further alleges in paragraph 2 of the Complaint that dbest has an office in Hermosa Beach, California, also approximately 400 miles from this courthouse.  ZÜCA's allegation in paragraph 7 of the Complaint, that "venue is proper because ZÜCA's principal place of business is in this District," is belied by its own

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

allegations in paragraph 2.  Venue is proper in the Central District of California, not the Northern District.

### Ninth Affirmative Defense

### (Reservation of Rights)

33.    dbest has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, and dbest reserves the right to assert such additional affirmative defenses in the event investigation and discovery indicate they are proper.

### COUNTERCLAIM

Defendant dbest Products, Inc., by its counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts the following counterclaim against Plaintiff ZÜCA, Inc. ("ZÜCA").

### Nature of the Action

34.    This counterclaim seeks a declaratory judgment of non-infringement and invalidity of the '205 and '111 Patents under the provisions of 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code.

### Jurisdiction

35.    This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

36.    ZÜCA is subject to personal jurisdiction in this judicial district and venue is proper as to ZÜCA by virtue of its submitting to the jurisdiction and venue of this Court by virtue of filing this action in this Court.  dbest reserves the right to challenge venue for the reasons set forth in its eighth affirmative defense, set forth above.

37.    ZÜCA alleges in its Complaint that dbest has infringed the '205 and '111 Patents. dbest denies ZÜCA's allegations of infringement of the '205 and '111 Patents. dbest does not, and has not, in any way infringed the patents-in-suit. As such, an actual and

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

Answer to Complaint

Case No. 3:15-cv-03559-WHA

justiciable controversy therefore exists between ZÜCA and dbest with respect to dbest's alleged infringement of the '205 and '111 Patents.

## Claim I – Declaratory Judgment of Non-Infringement

38.     dbest repeats and incorporates the facts and allegations of paragraphs 1 through 36 of its Answer to Complaint, Affirmative Defenses, and Counterclaim, inclusive, as though fully set forth herein.

39.     dbest has not, nor has it ever, directly infringed, contributorily infringed, or induced others to infringe, any valid claim, if any, of the '205 and '111 Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

40.     dbest's products that ZÜCA contends infringes the '205 and '111 Patents is not covered by any valid claim of the '205 and '111 Patents, either literally or under the doctrine of equivalents.

41.     Accordingly, there exists an actual justiciable controversy between ZÜCA and dbest concerning whether any claims of the '205 and '111 Patents are infringed by dbest.

42.     dbest requests a judgment declaring that dbest does not, and has not, directly infringed, contributorily infringed, or induced others to infringe the '205 and '111 Patents. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the '205 and '111 Patents.

## Claim II – Declaratory Judgment of Invalidity

43.     dbest repeats and incorporates the facts and allegations of paragraphs 1 through 41 of its Answer to Complaint, Affirmative Defenses, and Counterclaim, inclusive, as though fully set forth herein.

44.     The '205 and '111 Patents and some or all of its claims have been, and are, invalid on the grounds that the subject matter sought to be patented therein fails to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including, but not limited to, the provisions of 35 U.S.C. §§ 102(a), 102(b), 103, or 112.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

45.     Accordingly, there exists an actual justiciable controversy between ZÜCA and dbest concerning whether some or all of the claims of the '205 and '111 Patents are invalid.

46.     dbest requests a judgment declaring that the '205 and '111 Patents are invalid. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '205 and '111 Patents.

## PRAYER FOR RELIEF

WHEREFORE, dbest demands judgment against ZÜCA, as follows:

A.     Striking ZÜCA's Complaint;

B.     Dismissing ZÜCA's Complaint with prejudice in its entirety, with ZÜCA to take nothing thereby;

C.     Denying ZÜCA any of the relief it has requested;

D.     That this Court issue an Order declaring that dbest does not infringe any claims of the '205 and '111 Patents;

E.     That this Court issue an Order declaring that the claims of the '205 and '111 Patents are invalid;

F.     Deeming this to be an "exceptional case" within the meaning of 35 U.S.C. § 285, and awarding dbest its attorney's fees, expenses and costs incurred herein; and

G.     For such other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted,

Dated:  October 13, 2015          CISLO & THOMAS, LLP

By:    /s/Peter S. Veregge
       Daniel M. Cislo
       Peter S. Veregge
       Attorneys for Defendant,
       DBEST PRODUCTS, INC.

\\srv-DB\TMDOCS\15-30789\Answer to Complaint.docx

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Answer to Complaint
Case No. 3:15-cv-03559-WHA

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Defendant hereby demands a trial by jury on all issues raised by the Complaint so triable.

Respectfully submitted,

Dated:  October 13, 2015                    CISLO & THOMAS, LLP

By:    /s/Peter S. Veregge
       Daniel M. Cislo
       Peter S. Veregge
       Attorneys for Defendant,
       DBEST PRODUCTS, INC.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Answer to Complaint

Case No. 3:15-cv-03559-WHA

1

## CERTIFICATE OF SERVICE

2

3      I am over the age of eighteen (18) years, employed in the County of Los Angeles, and
not a party to the above-entitled action.  My business address is 12100 Wilshire Blvd., Suite

4   1700, Los Angeles, California 90025.

5      I hereby certify that on October 13, 2015, I caused to be electronically filed the
foregoing document with the clerk of court for the U.S. District Court, Northern District of

6   California, using the electronic case filing system (ECF) of the court, with the following
counsel of record for the opposing party(ies) receiving the foregoing electronically-filed

7   document:

8

9                    John V. Picone, III
                     jpicone@hopkinscarley.com

10
11                   Jeffrey Michael Ratinoff
                     jratinoff@hopkinscarley.com

12
13                   Christopher Andrew Hohn
                     chohn@hopkinscarley.com

14                   HOPKINS & CARLEY
15                   A Law Corporation
                     The Letitia Building
16                   70 S. First Street
                     P.O. Box 1469
17                   San Jose, CA 95109-1469
                     Telephone: (408) 286-9800
18                   Facsimile: (408) 998-4790

19

20

21   ☒   **FEDERAL**:  I declare, under penalty of perjury under the laws of the United States of
22   America that the foregoing is true and that I am employed in the office of a member of the Bar
     of this Court at whose direction the service was made.

23

24   Executed on October 13, 2015, at Westlake Village, California.

25

26                                    _____
                                      Laura Banuelos
27

28

                                                                    **Answer to Complaint**
                              10
                                                              Case No. 3:15-cv-03559-WHA